UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT BROOKE SONIA,

    Plaintiff,

 v.

KARIE RAINER, et al.,

    Defendant.

CASE NO. 3:19-CV-5979-BHS-DWC

ORDER

  Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by January 5, 2020, to cure the deficiencies identified herein. The Court also grants Plaintiff's Motion for Change of Name on Docket (Dkt. 9) and orders the caption be corrected to reflect the change in name of Brett Brooke Sonia to Brooke Lyn Sonia.

**CHANGE OF NAME**

  Plaintiff filed a "Motion for Change of Name on Docket" indicating her name has been changed to Brooke Lyn Sonia. Dkt. 9. Plaintiff submitted state court documents confirming her

change of name. *Id.* Accordingly, the Court orders the caption be corrected to reflect the change in name of Brett Brooke Sonia to Brooke Lyn Sonia.

## BACKGROUND

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), states she has been denied adequate medical treatment and accommodations for gender dysphoria in violation of the Eighth and Fourteenth Amendments, Americans with Disabilities Act ("ADA") and state law. Dkts. 8, 10.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

Here, Plaintiff filed a 70-page Complaint on October 12, 2019. Dkt. 8 The Complaint is difficult to understand, contains numerous redundancies, and has a confusing organizational scheme. Dkt. 8. On October 26, 2019, Plaintiff filed a Statement of the Facts in Brief. 10. That pleading is somewhat less lengthy and confusing, but it is not clear if Plaintiff intended this later filing to supersede her original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.)

(citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992) (an amended pleading is generally deemed a complete substitute for an original pleading).

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

The amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause.

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

2 raised herein on or before January 5, 2020 the undersigned will recommend dismissal of this

3 action pursuant to 28 U.S.C. § 1915.

4    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

5 civil rights complaint and for service. The Clerk is further directed to send copies of this Order

6 and Pro Se Instruction Sheet to Plaintiff.

7    Dated this 5th day of December, 2019.

*[signature]*
David W. Christel
United States Magistrate Judge