Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Brooke Lyn Sonia
_____
*Plaintiff's full name and prisoner number*

                    Plaintiff,

v.

Dr. Karie Rainer et al.
_____

Kevin Bovencamp; Bruce Gage;
_____

and GDCRC Does.
_____
*Defendant's/defendants' full name(s)*

                    Defendant(s).

Case No. **3:19-cv-05979-BHS-DWC**
(leave blank – for court staff only)

**\*\*AMENDED\*\***
**PRISONER CIVIL RIGHTS**
**COMPLAINT**

Jury Demand?
☒ Yes
☐ No

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names.  The names listed here must be identical to those in Section II.  Do not include addresses here.  **Individuals whose names are not included in this section will not be considered defendants in this action.**)

## **WARNINGS**

1.      Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence.  If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus.  If you use this form to challenge your conviction or sentence, you risk having your claim dismissed.  Separate forms are available for filing a habeas petition.

2.      Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit.  This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review.  Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA.  You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing.  If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee.  Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, <u>may not</u> contain certain information, which must be modified as follows:

| Do <u>not</u> include: | Instead, use: |
| --- | --- |
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.      You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.  Any documents you submit *must relate directly to the claims you raise in this lawsuit.*  They will become part of the court record and *will not be returned to you.*

---

## I.      PLAINTIFF INFORMATION

Ms   Sonia Brooke Lyn                                              Brett David Sonia
Name (Last, First, MI)                                             Aliases/Former Names

390444 Washington
Prisoner ID #

Washington state Penitentiary
Place of Detention

1313 N. 13th ave,  Walla Walla, Washington 99362
Institutional Address

Walla Walla              Washington              99362
County, City                     State                     Zip Code

*Indicate your status:*

| | | | |
| --- | --- | --- | --- |
| ☐ | Pretrial detainee | ☒ | Convicted and sentenced state prisoner |
| ☐ | Civilly committed detainee | ☐ | Convicted and sentenced federal prisoner |
| ☐ | Immigration detainee | | |

## II.    DEFENDANT INFORMATION

*Please list the following information for each defendant.  If the correct information is not provided, it could delay or prevent service of the complaint.  Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:     Dr. Rainer Karie
_____
Name (Last, First)

director of Medical services for WDOC (to best of knowledge)
_____
Current Job Title

Washington State Dept of Corrections (WDOC here on out)
_____
Current Work Address

7345 Linderson Way   Olympia,Wa 98501
_____
County, City                            State                        Zip Code

Defendant 2:     Dr. Gage Bruce
_____
Name (Last, First)

Director of Mental Health services WDOC     (to best of knowledge)
_____
Current Job Title

7345 Linderson Way  Olympia, Washington 98501
_____
Current Work Address

Unk                            Washington                    98501
_____
County, City                            State                        Zip Code

Defendant 3:     Kevin Bovencamp
_____
Name (Last, First)

Assistant Secretary WDOC     (to best of knowledge)
_____
Current Job Title

7345 Linderson Way  Olympia, Washington 98501
_____
Current Work Address

unk                            Washington                    98501
_____
County, City                            State                        Zip Code

Case No. 3:19-cv-05979-BHS-DWC Document 11-1

Defendant 4: Unknown Does of the Gender dysphoria care review committee.
Assist on the GDCRC for assessments of necessary treatment(s).

7345 Linderson Way  Olympia, Washington 98501


Please refer to Pages 10-42 for further information in detail,
these pages cannot possibly contain all the information necessary.
.....of ~~........~~ Filings.... See Attached

## III.    STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count.  For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs.  For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc.  The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s).  <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

### <u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1   Eighth amendment right to adequate Medical care; Defendants; Rainer; Gage; Bovencamp; Unknown GDCRC Does.

*State the <u>facts</u> of your first claim below.  Include all the facts you consider important.  Be specific about dates, times, locations, and the names of the people involved.  Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong.  If you need additional space, you may attach extra sheets.*

1.2   Defendants denied access to Medical evaluation based on financial reasons without medical criteria, or within plaintiff's medical needs as stated by plaintiff's treating physicains and psychologist. And after policy was instituted for Evaluations for inclusion of SRS and other possible treatment for her condition. And refused acces to evaluation after such was made available for treatment of plaintiff's condition of Gender Dysphoria.

Each Defendant has intentionally withheld access to Evaluation for necessary and Essential Adequate medical care for plaintiff; knowing that she is suffering from Gender Dysphoria and that she is at risk of serious harm.

The Defendants have sat in a committee to intentionally withhold access to this SAME Evaluation that is afforded to ALL Relevant and similarly situated prisoners with Gender Dysphoria, without consideration of the plaintiff's personal individual needs or heeding the recommendations of her treating psychologist, that plaintiff is at risk of harm if left untreated.

These actions and omissions violate the Eighth Amendment's prohibition against cruel & Unusual punishment since plaintiff cannot attain the necessary treatment on her own.

Defendants use arbitrary and capricious reasoning to omit such necessary care and treatment from plaintiff based on discrimination in violation of the Eighth amendment because they base their denials on Financial reasons and NOT on an individual medical evaluation.

The Defendants have violated the Eighth Amendment's prohibition against cruel & unusual punishment because an prisoner's treatment MUST be based on individual need rather than any other concerns(where that need is not arbitrary)to prevent ongoing violations of civil rights.

*State with specificity the injury, harm, or damages you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

Plaintiff has suffered ongoing ideation of self harm including suicide and severe Emotional anguish stemming from her Gender Dysphoria. Moreover, plaintiff has a proclivity to self mutilation (Cutting. especially of the genitalia) which is well chronicled and established in the medical records.

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1  Due process and Equal Protection of the fourteenth Amendment; by Defendants

Rainer; Gage; Bovencamp and Does of the GDCRC.

*State the <u>facts</u> of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2  Each Defendant has acted with a total disregard for the plaintiff's

serious medical needs in the context of treating her Gender Dysphoria.

Equal protection claims; The Defendants use arbitrary and pretextual claims

that they are NOT responsible for the plaintiff's welfare while housed in

Washington state, yet State laws and Equal protection provide that "ALL

inmates are to be treated the SAME" and are to be afforded the SAME evaluation

which will render a professional diagnosis as to whether or not a prisoner

requires further treatment (Then the Defendants could have decided whether or not to

proceed) The Equal protection clause and RCW 72.70.010 both confer the RIGHT

to be "Treated and Cared for the SAME" as all other prisoners who are

similarly situated . Plaintiff is a transgender inmate, which the WDOC &

Defendants accepted knowing she was transgender and have committed to the

care and custody of plaintiff by such acceptance under the Equal protection

clauses; The REFUSAL to treat plaintiff the SAME is unlawful as Applied by

the Equal protection clause of the Fourteenth Amendment.  Moreover, the

use of financial reasoning, is capricious, arbitrary and unlawful where such

acceptance was made PRIOR to receipt of her as a prisoner.

Moreover, the arbitrary denial of such care in the face of "Risk of harm"

which cannot be permissible under the eighth Amendment; when an evaluation

is afforded to ALL Similarly situated prisoners, clearly violates the

Equal Protection clause of the Fourteenth Amendment. And RCW 72.70.010

inter alia.,,

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

Plaintiff has suffered ongoing acts of self harm and ideation to self

castrate and suicide as result of her inability to receive adequate medical

care via Evaluation (the ONLY possibility for Amelioration).

Plaintiff has suffered numerous instances of harm including Depression, Cutting,

self harm and suicidal ideation to which Defendants remain indifferent.

### COUNT III

*Identify the third right you believe was violated and by whom:*

3.1   The Right to receive Adequate Medical care via access to public programs

and Federally funded sources such as Medicaid, and the Health insurance

provided by the Defendants.

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2   Each Defendant; Rainer, Gage and unknown Does of the GDCRC have inten-

tionally withheld access to Federally funded programs to which they receive

monies for inmate medical care and/or are funded by the Federal government

knowing that plaintiff requires such access to grant the relief she needs

to effectively ameliorate her Dysphoria; via Medicaid and other programs

such as the ACA,42 USCS §18116 (due to Discrimination); Medicaid, 42 USCS §

1396 and § 1395:A-2; WAC, 182-531-1675 Wash. Apple Health; 42 USCS § 2000(d)

Federally funded programs; 42 USCS § 12101 ADA inter alia, by intentionally

refusing to provide access to adequate medical care for plaintiff's disability

of Gender Dysphoria due to the Discriminatory holding that the Defendants

are NOT responsible for plaintiff (After knowing she is suffering and at

risk of self injurious acts) based on their assertion that No male should

change their gender to female (See 42 USCS § 18116 ACA) due to the arbitrary &

capricious pretextual concerns of financial reasons rather than basing their

reasons on Medical criteria; when the financing is available for prisoner's

treatment via Federal sources, Proves the pretextual concerns as arbitrary

and harmful to plaintiff and her serious medical needs to prevent her from

suffering or harming herself.

Failure to provide ongoing and further treatment, especially when it is

available to other inmates with the same condition is violative when such

financial concerns are violative of her right to receive adequate treatment

that shall effectively ameliorate her condition.

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count III. Continue to number your paragraphs.*

Plaintiff has suffered self injurious acts of cutting, depression, Anxiety,

suicidal ideation, sleeplessness, vomiting, inability to eat,desire to Death,

nightmares of inadequacy and severe emotional trauma, physical irritation

which is exacerbated by Male inmates who seek to Physically abuse, and to

sexually abuse her. (See additional claims in Pg 1-31 Complaint att to original filing Pgs 11-42 for more specific details)

## IV.    RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief.  Make no legal arguments.  Cite no cases or statutes.*

Plaintiff seeks injunctive relief for the Evaluation and Costs associated with litigation

The typical costs and Evaluation which is fair and just based on Equal

protection of the laws of Washington and the Federal Governments.

(again See Pgs 11-42  for more detailed information since this form does not have  the space)

## V.    SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

6th December  2019
_____
Dated

_____
Plaintiff's Signature

Ms. Brooke Lyn sonia #390444
Washington State Penitentiary
1313 N. 13th Ave    R-unit-B 108
Walla Walla, Washington 99362

UNITED STATES DISTRICT COURT

for the

DISTRICT OF WASHINGTON

Brett Brooke Sonia )

     Plaintiff, )

     V. )

Dr. Karie Rainer; Dr. Bruce Gage; )

Kevin Bovencamp Asst Dir. WDOC; )

Unknown Does, G.D C.R.C  WDOC. )

Case No._____

PLAINTIFF'S COMPLAINT OF CONSTITUTIONAL VIOLATIONS   MEMORANDUM & BRIEF

JURY DEMAND

## COMPLAINT

This is a civil complaint for prospective relief, Injunctive and Declaritory relief. to redress the deprivation of rights securde under 42 U.S.C. § 1983 and 28 U.S.C. § 1985, 28 U.S.C. § 1986 for rights guaranteed by the U.S. Constitution.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 & 1342(2)(3). Plaintiff seeks Declaritory Relief pursuant to 28 U.S,C. § 2201 & 2202. The Plaintiff's Claims for Injunctive Relief are Authorized by 28 U.S.C. § 2283 and 2284.

## VENUE

This Court is the proper Venue for these claims as it is where events giving rise to said claims have occured. The Court has Subject Matter Jurisdiction of State Claims pursuant to 28 U.S.C. § 3626 for Any and All matters of multi- juri-isdictional claims which may arise during litigation herein, and which may arise from state law(s).

Case No

Defendants

I

1,      Defendant; Karie Rainer M,D,, is responsible for the intentional denial
of Necessary, Essential and Adequate medical care, for an Evaluation for plaintiff
Evaluation of sexual Reassignment surgery, by relying on obscure policy, rather
than an Individual Evaluation; on the basis of Financial Costs.

        Moreover, Defendant Rainer's Actions and Omissions of Necessary Medical
Evaluation while based on Non Medical Criteria, was denied Arbitrarily while she
sat as Committee member of the Gender Dysphoria care review Committee. Establishing
the Intentional interference with the plaintiff's civil, Statutorial and Constit-
tuional rights secured by State Laws RCW 72,70.010 Art IV(e), WAC 137-91-010,
Medical necessity; WAC 182-531-1675, Medicaid coverage (for Plaintiff's specifica
Condition of Gender Dysphoria); WAC 182-500-0070,Medical necessity; WAC 162-32-040
Anti-Harrassment due to Gender Identity; WAC 137-91-030,Medical care to inmates;
RCW 9.91,010, denial of civil rights; RCW 49,60.030, freedom from discrimination
also see RCW 49.60.040; inter Alia...

        RCW 72.70.010 Art IV(e) Compact; All Prisoners are to be "Cared, and treated
Equally, with the inmates they are housed with in the state,"

Defendant Rainer's Actions & Omissions Clearly violate State Laws and The Equal
Protection, the Due Process clauses of the Fourteenth Amendments and, The Eighth
Amendment's ban on cruel & unusual punishment by being deliberately indifferent
to the plaintiff's serious medical needs.

        Defendant Rainer REFUSED to order speciality consult for plaintiff's care
and treatment of her Gender Dysphoria fully knowing that plaintiff was suffering
from Emotional distress and severe Mental Anguish stemming from her inability to
cope with her natal male body sex organs and her female presentation.
Moreover, Defendant Rainer refused to furnish adequate medical care based on the
lack of medical insurance for plaintiff's medical treatment needs, while furnishing
Similarly situated inmates with an Evaluation for the inclusion of Sexual reassign-
ment surgery.

        Defendant Rainer intentionally omitted treatment Evaluation on basis of
Costs, without any Medical Criteria being present to determine decision; Moreover,
Defendant is Deliberately Indifferent where She knew plaintiff has harmed herself
in the past due to Nonfeasance to treat her condition.

12

Case No.

Defendants

I

1,          Defendant Rainer Violates the Eighth Amendment by Omission of Medical treatment that plaintiff requires to Sustain a Ameliorative Effect for her Gender Dysphoria. See Estelle, 429 U.S. **97**, 97S.Ct. 285,50L.Ed.2d 251 (1979).

> Moreover, The Defendant's bare desire to harm plaintiff by the omission of treatment Evaluation (Knowing that Denial is causeing severe distress, and that plaintiff is already distressed) Clearly Violates the Due Process and Equal Protection clauses.

See Romer V. Evans,517 U.S. 620, 634, 116 S.Ct.1620, 1629,134L.Ed.2d 855 (1996).

> The bare fact that the Omission of treatment Evaluation is harming plaiontiff's well being, Mental Health and causing her to commit acts of self cutting to "Relieve Diustress" is a clear intent to harm plaintiff. And Violation of Due Process, Equal protection,the Cruel & Unusual punishment and wanton cruel infliction of pain, because plaintiff has a History of committing acts of self harm, or self surg- ery to alleviate distress, and emotional pain, even temporarily.

The claims that Defendants are not liable for plaintiff's Meedical care are as inane as stating they are Not liable for her health, safety, and Sustinence. All Because plaintiff is not a Washington State Inmate; WAC 182-503-0520, (for purposes of finding Medical care coverage, and therefore RESIDENCY), (8) clearly states that; "In a dispute between states, the state of residency is the state in which the person is physically located."   Moreover, the Residency arguement fails because of this fact, and that plaintiff has lived in Washingtohn since April 2016.

> Moreover, to deny access to Necessary health care Evaluation, is unconstititutional, based on this premise. See Memorial Hospital V. Maricopa County.,415 U.S. 250, 39 L Ed.2d 306,94 S.Ct. 1076 (1974) "Residency is NOT required for Medicaid coverage." See Pl Ex   R   .

Plaintiff DOESNOT have to await the consummation of threatened injury,to obtain relief." Pennsylvania V. West Virginia,262 U.S. 533,67 L.Ed.#1117, 43 S.Ct. 658.

> Plaintiff may attempt to self harm again if she is not treated in a humane and Adequate manner. And that she is on a high dose of hormones can be detrimental for extended periods.

Case No.

Defendants

I

1,        Defendant Rainer has denied access to public programs, Services and/or
benefits of; The Medicaid Act. WAC 182-531-1675 by refusal to investigate into and
securing access to the benefits of the PUBLIC Program Also see 42 U.S.C, § 18116
the Affordable Care ACT, (Medicaid for needy persons); 42 U S C § 2000(d) Federally
funded programs, (By denying access to Medicaid to plaintiff); 42 U.S.C. §1395:2a
Eligibility for Mediciaid (Failure to investigate in access of financial funds of
a public entity); 42 U.S.C, § 1396 (Mediciaid's aim is to provide medical care to
the needy); 29 U.S.C § 504 of the Rehabilittation Act § 794a(for failure to provide
access to accomodation of programs that are reahbilitative); And for failure to
Accomodate plaintiff's Disability of Gender Dysphoria in violation of the A.D.A.,
42 U,S.C. § 12101, (by failure to make reasonable accomodations for her disability
of Gender Dysphoria.) See 28 C,F.R, § 35,108(b)(1)(i) and Bragdon V. Abbott, 424
U.S. 624, 639, 118 S.Ct.2196, 141 L ed.2d 540 (1998).[See Pl Declaration & Brief]

        Defendant Gage, Bruce Psy. is a reasonable Professional who works on the
Gender Dysphoria care review committee and Sat in conference to intentionally deny
plaintiff access to an Evaluation for sexual reassignment surgery based on Financial
reasons in lieu of Medical criteria, and based on the unreasonable act the Defend-
ants weren't responsible for an inmate under his care and control. in violation of
the plaintiff's Equal Protection guarantee to the Same Treatmebnt  as similarly
situated inmates (to an evaluation for SRS) without consideration for plaintiff's
Emotional well being that she could commit acts of self treatment/harm or possible
suicide attempts given her institutional records. Failing to consider the A.D.A.
Claims of plaintiff's condition of Gender Dysphoria and the Right to Access Reason-
able accomodations for her disability under 42 U S C. § 12101; the A C A., 42 U.S.C.
§=18116 for failure to provide access to disability accomodation by financial
Medical care coverage via Medicaid WAC 182-531-1675; 42 U S C. § 12101 and §1396,
§ 1395:A-2(Eligibility for Medicaid) Because Defendant Gage has failed to provide
access to these public programs which the Disabled plaintiff is entitled to.

        Moreover. the WAC 182-531-1675 Washington Apple Health (Medicaid)
Exists for the specific reason of providing access to financial care coverage to
plaintiff's with Gender Dysphoria

14

Case No.

Defendants
_____

I

2,        Defendant Gage has intentionally omitted Necessary, Essential and Ade-
quite Access to Medical care by Confering with peers to withhold such treatment
Evaluation based on Policy, rather than a Medical examination or ANY MEdical criteria
based on this, Dr. Gage has violated the Plaintiff's ; Due Process, And Equal prot-
ection Clauses of the Fourteenth Amendment, and the Cruel & Unusual Punishment Cla-
use , and the Deliberate Indifference clauses of the Eighth Amendment.

> Dr. Gage withheld access to an Evaluation for plaintiff's
> consideration of sexual Reassignment Surgery by sitting in
> a Committee to discuss the intentional omission of treat-
> ment Evaluation with other Defendants, based on Financial
> Criteria, in lieu of any medical criteria. See Estelle V.
> Gamble,429 U.S. 97, 97 S.Ct. 285...; Moreover the Defendant
> was aware at all times that the plaintiff suffered from G
> Gender Dysphoria, and that her symptoms were severe enough
> to warrant an Evaluation, and disregarded the Evidence
> that plaintiff was suffering, and that of plaintiff's
> treating psychologist, Dr. P. Zeisler.

Moreover the Decisions to omit necessary Evaluation from plaintiff based on merely
Financial reasons, when WAC 182-531-1675 (Medicaid) was available, Establishes the
Intentional Cruel & Unusual punishment and Deliberate Indifference to plaintiff's
serious medical needs in Violation of the Fourteenth & Eighth Amendments. And it
Amounts to torture under 18 U.S.C. § 2340.

> Defendant Gage is a Reasonable professional whom has been
> Educated to Phd Level and should have known that such omm
> issions of treatment Evaluation would have detrimental ef-
> fects on plaintiff's Mental well being. And, fully aware
> of plaintiff's History of self harm, has placed the Plain
> tiff at risk of serious future harm, intentionally.

Defendant's actions and omissions of necessary & Essential medical care are Viol-
ative of plaintiff's rights to receive such care under the Laws of the United
States, and of Washington State.
states, and of Washington state.

Case No

<u>Defendants</u>

I

2,       Defendant Gage has denied access to adequate medical care to plaintiff
without regard to her individual medical needs, with consideration of her RIGHT
to receive such care and treatment(s) based on her Disability, under the A.D.A.,
42 U.S.C. § 12101; the Rehabilitation act of 1974, § 504, 29 U.S.C. § 794a; by the
failure to allow plaintiff access to rehabilitative programs; And by the Disability
of plaintiff not be treated in any fashion. The Defendant has done nothing to
assist with plaintiff;'s disability in and under the A.D.A. to accomodate her Dis-
ability by accessing Medicaid, under the Affordable care Act, 42 U S C. § 18116;
42 U.S.C. §2000 (d), Federally funded programs(by denying plaintiff Medicaid);
42 U.S C § 1395:2a Eligibility for Medicaid, (by refusing to investigate into the
possibility of funding for plaintiff serious medical needs); And 42 U S C. § 1396
(medicaid's aim is to provide medical services to those who resources are insuffic-
ient to meet the costs of necessary and essential medical care.); Moreover, WAC 182-
531-1675 Washington Apple Health Provides(specific care for plaintiff's Gender Dy-
sphoria.)Under Medicaid. Which Defendants have failed to seek for plaintiff, which
Establishes the Wanton cruel infliction of pain  and Deliberate Indifference

         Defendant GaGe is a reasonable Medical professional, who should have been
aware of the Regulations and conduct governing his office and treatment of inmates.
The unreasonableness of the omissions of treatment, amounts to cruel & unsual Pun-
ishment, and Deliberate Indifference to plaintiff's serious medical needs because;
(1) All defendants are reasonable professionals who should know the regulations
that govern their conduct; (2) The omission of treatment while affording the SAME
treatment to similarly situated inmates Established the Equal protection violations;
(3) The failure to provide access to reasonable accomodations for plaintiff's dis-
ability, by Investigating into facts of suffering, via MEDICAL Insurance Coverage
via, WAC 182-531-1675 (Mediciaid) Violates the A.D.A. because of the unreasonable
failure to provide access to public services and/or benefits of the Medicaid prog-
ram. And Consideration due to State Law RCW 72,70,010 ArtIV(e) (Equal Protection
of Plaintiff as Boarder.).

And for violating the Equal protection clause where the SAME treatment Evaluation
is provided to similarly situated prisoners,but not plaintiff establishing Deliber-
ate Indifference to plaintiff serious medical needs, and the presence of Cruel &
unusual punishment.

Case No.

Defendants
I

3.      Defendants Doe(s) Work closely with the Defendants Karie Rainer, and
Bruce Gage in the Gender Dysphoria care review Committee [G.D. CRC here on out].
Defendant does have intentionaly withheld, denied, delayed, and defered access
to Necessary, Essential and Adequate Medical care on the basis of Discriminatory
beliefs that Plaintiff is NOT their responsibility, and that she is a Male, who
should not change their gender.

        Defendant Doe(s) did Omit treatment Evaluation from plaintiff in the
Violation of State Laws; RCW 72.70.010 ArtIV(e) (Equal Protection for plaintiff)
WAC 137-91-010, Medical necessity; Withholding Access to public programs for the
plaintiff's medical care coverage under the A.D.A., 42 U.S.C. § 12101 (because the
plaintiff suffers a disability pursuant to A.D.A. See 28 C.F.R. § 35.108(b)(1)(i);
For the failure to make reasonable accomodations for plaintiff's Disability of a
Evaluation for Sexual Reassignment surgery, and violation of A.D.A. for failure to
provide access to public Federal funding programs for Financial coverage  of her
Costs for Evaluation for SRS; Failure to provide Medicaid under WAC 182-531-1675,
Washington Apple Health (Mediciad specifically designed for Gender Dysphoria);
For Violations of 42 U.S.C. § 18116, the Affordable Health Care Act,in failure to
provide such relief for plaintiff's finacial medical costs; 42 U.S.C. § 1395:A-2
Medicaid care coverage failure to provide plaintiff; See 42 U.S.C. §1396, (Medicaid's
aim is to provide access to Medical care for needy persons). and the failure to
provide for an Disabled Adult with disability of Gender Dysphoria for Discriminatory
reasons. because the Defendants afford such care Evaluation to similarly situated
prisoner, Violation of the Fourteenth amendment's Equal Protection Clause, and the
Eighth Amendment's Prohibition against cruel & unusual punishment (Because plaintiff
CANNOT simply obtain relief from her severe menatl anguish without such assistance,
she MUST rely on the defendants to provide such treatment(s).).

        All Defendants have omitted necessary, essential and Adequate medical
evaluation for SRS for plaintiff in discriminatory manner because of Boarder status
despite RCW 72.70.010 Art IV(e), and The 14th amendment's Equal protection Clause
which prohibits such acts, Establishing the presence of Deliberate Indifference,
because Does and Gage knew plaintiff's History of self harm attempts and did noth-
ing to cease her suffering knowing she may attempt so again due to nonfeasance.

Case No.

Defendants
_____

I

3,          Defendant, "Does" are Members of the Gender Dysphoria care Review
committee (G.D CRC here on out) who have Sat inconference to intentionally
Deny, defer, Omit and/or Delay Necessary, Essential and Adequate Medical care to
plaintiff, Via the SRS Evaluation process. Defendants have A duty under the Eighth
Amendment to Afford prisoners with Adequate Medical care.
Moreover, they Violate the Fourteenth Amendment's Due Process and Equal Protection
Clauses of the fourteenth amendment by their refusal to afford plaintiff Access
to the SAME treatment Evaluation that is afforded to similarly situated prisoners.
They also Violate the Eighth Amendment by the Intentional withholding of Adequate
medical treatment evaluation in violation of their WAC 182-531-1675 (Medicaid),and
therefore the A.D.A., because plaintiff is a Disabled person, who has been Refused
access to public programs under 42 U.S.C. §12101, by the refusal to provide medical
care coverage.

                    Defendant Does, May be the GD CRC Medical director, who
                    has the Right to overrule the GDCRC's decisions to pro-
                    vide necessary and essential medical care to plaintiff.
Moreover, the Defendants knew thaT the denial of treatment Evaluation would have
dire consequences for plaintiff's mental and physical health and well being.

                    The Defendant's decisions to withhold such treatment is
                    unreasonable and unprofessional. especially where they
                    have used the Criteria based on financial reasons to deny
                    plaintiff this care, and not based on Medical criteria,
                    Defendants violate the Fourteenth amendment's Due Process,
                    & Equal Protection clause, because they affoird similarly
                    situated prisoner's the Evaluations. Moreover, the omission
                    of treatment Evaluation violates the Eighth Amendment under
                    Estelle V. Gamble, 429 U.S. 97, 97 S.Ct.285...because the
                    plaintiff has a Right to adequate Medical care.
A reasonable official would NOT omit necessary and essential, Adequate Medical care
to such a prisoner, and therefore the Defendant's omissions are unreasonable and
violative of her Constitutional rights.

Case No

Defendants

I

4, Defendant Kevin Bovencamp is responsible for the intentional omission of necessary, essential, and adequate medical care Evaluation by his signing a Meddical care Request/Grievance of plaintiff requesting to be placed before the G.D CRC for consideration of Evaluation for SRS.

Such evaluation is afforded similarly situated prisoners who share the same reletive characteristics of Gender Dysphoria by diagnosis. Defendant Bovencamp intentionally omitted access to the GD CRC because he relied on a Blanket Administration policy which stated that "SRS is not a covered treatment in the Offender Health care manual." Which is NOT true, because the OHP always had a pathway for Sexual reassignment surgery, If it was deemed Clinically Necessary" by the GDCRC.

Moreover, Defendant Bovencamp Defered, Delayed and Denied access to Medical care via the GDCRC which should have been the prudent and reasonable answer to plaintiff's grievance #18655105 III lvl Ans,8/3/18. See Pl Ex   B   .

The Defendant refused to consider the negative effect denial would have on plaintiff's morale and mental health; Defendant's omissions of evaluation clearly violate WAC 137-91-030 Utilization Review:,for health services of inmates; RCW 74.09.510,Medical assistance eligibility; RCW 72 70.010 Art IV(e) Compact,which is the guidelines for housing out of state prisoners.(Equal Protection); 42 U.S.C. § 1395:A-2 Medicaid eligibility; § 1395 w-114 Income related(D)(i) Institutionalized persons; 42 U.S.C. § 12101, the A.D.A for failure to provide necessary andreasonable Accomodations for plaintiff's Disability of G.D. and failure to provide access to public programs based on the discrimminitory manner in which plaintiff should not be allowed to change their gender to female. Failure to provide access to Medicaid a PUBLIC service and program was denied to plaintiff by Defendants due to the belief that males should not change their genders to female.[under the CFR § 35.108 (b)(1)(i) Gender Dysphoria is a Disability]

Defendant Bovencamp Violated plaintiff's Due process right to Adequate Medical care, and her Equal protection rights to be treated in the SAME manner as ALL OTHERS WHO ARE SIMILARLY SITUATED. (all transgender people who are eligible for SRS evaluation) by intentionally Denying access to GD CRC evaluation process AFTER the policy had changed. A prudent and reasonable officer would've known the laws governing their behaviors and actions.

Case No. ~~████████████████~~

<u>Defendants</u>

I

4,      Defendant Bovencamp engaged in discriminatory decisions based on false beliefs  that plaintiff was able to avail herself of the Policy that granted  ALL transgender prisoners access to Evaluation for Sexual reassignment surgery, if it was so necessary to adequately treat their Gender Dysphoria.

Defendant Bovencamp's Actions and omission violate;
42 U.S.C. § 1811b, the A.C.A.; 42 U.S.C. § 1396 Medicaid...; 31 U.S.C. § 3729 Liability; 42 U.S.C. § 1981 Recovery of Damages; 42 U.S.C. § 2000 (d) Federally funded programs; 42 U.S.C. § 2000(e)(2) Discrimination; 42 U.S.C. §=18116 of the A C.A.; and the failure to afford plaintiff with Medical care insurance pursuant to 42 U.S.C. § 1395..

Defendant Bovencamp failed to utilize and consider State law 72.70.010 Art IV (e) Equal Treatment and Care for Plaintiff as Boarder; Also, Medical necess- ity WAC 137-91-030; Medical assistance, WAC 182-503-0525; Purchasing Health services, WAC 137-91-030; RCW 74.90.510 Medical assistance Eligibility; Medical assistance, RCW 74.09.500;[Medicaid]; 42 U.S.C. § 12132 A.D.A  & § 504 of the rehabilitation act. And for violating the eighth amendment's cruel & Unusual punishment clause, the Establishment of the Wanton infliction of pain, and The Equal Protection clause of the fourteenth amendment to the U.S. Constitution, [see RCW 72.70.010 Art IV(e)]. And RCW 72.70.010 Art IV(e),Equal Protection of Boarders

Defendant Bovencamp did violate plaintiff's right to adequate medical care by holding a Discriminatory personal opinion that Transgender prisoners are not able to access Evaluations and/or Sexual reassignment Surgery per the O.H.P., while policy had changed <u>prior</u> to the Defendant's statements and Discriminatory denial, delay, or deferal of necessary and essential medical care for plaintiff.

Defendant Bovencamp is sued in his personal capacity because the State Cannot sanction the Constitutional violation of Personal, Statutory, Civil rights guaranteed by the U.S. Constitution. Defendant Bovencamp exercised an opinion of plaintiff's right to medical care without Medical evidence to support such decision and based merely on financial reasons.

A policy or regulation **CANNOT** legitimize the Violation of Constitutional or statutory rights. Defendant Established the presence of Delkiberate Indifference to plaintiff's serious medical needs.

Pg 20 of 31

20

Case No.

Defendants

I

5,      Defendants could NOT possibly believe that the Plaintiff is receiving
the proper treatment for Gender Dysphoria because the Defendants have the "Eval-
uation" Protocols in which to further treat prisoner's needs.

The inclusion of SRS and where SRS is denied based on Non Medical Criteria.,
are a major basis for the Eighth Amendment and Fourteenth amendment's violations.

The Defendants disreagard State Laws and Regulations to
arrive at predetermined outcomes for denial for plaintiff's
Medical treatment, because they do not believe that a male
should change their gender to female.

Where All defendants, Rainer, Gage, Bovencamp and Does have sat in conference to
find a plausible way to intentionally deny Medical care Evaluation, they clearly
violate the Conspiracy clauses of the 28 U.S.C. § 1985 & § 1986, and stand guilty
of intentional denial and/or interference with plaintiff's civil and statutory rig-
hts, as expressed. Conspiracy may be infereda by the Actions of the parties.

Defendants are NOT reasonable pfofessionals as pertains to plaintiff's
Claims and Allegations. The omission of necessary treatment Evaluation itself is
Violation of the Eighth and fourteenth amendments. See De'lonta V. Johnson, 708 F.3d
520, 522-23 (4th Cir 2013)."The virginia Dept of Corrections violated De'lonta's
constitutional rights under the Eighth Amendment by REFUSING to provide an Examina-
tion for SRS."

Defendants have arbitrarily and Unreasonably Denied
necessary, essential and adequate medical care contrary
to the applicible stanards of care, contrary to all
prudent medical professional standards, which violates
the Plaintiffs Equal Protection. due process, cruel &
unusual punishment clauses in a Deliberately Indifferent
Manner.

PlaintiffAvers that her Statesment sworn to is sufficient to proceed with this case
of Constituional and Statorial Violation. Moreover, the Courts' subject Matter
Jurisdict is complete where the violations have exceeded State and Federal laws.

Case No. 

<u>Defendants</u>

6,    Each Defendant is sued in their personal Capacity for Injunctive & Declaritory
relief, from their Actions and omissions of necessary and esential medical care
taken in the personal belief that plaintiff is Not to be afforded the SAME medical
treatment and Evaluation and/or Examination as all similarly situated prisoners.

Each Defendant acted Excathedra, without regard for the plaintiff's well being,
Health and Safety, for the ongoing suffering plaintiff experiences; in a cruel &
Unusual manner Establishing the Wanton infliction of severe Emotional pain, the
wanton infliction of self harm upon the plaintiff via the omissions of care, which
is guaranteed by the Eighth Amendment to the United states Constitution, the State
laws and polices of Washington state.

Each Defendant acted with a total disregard for plaintiffs well being and Health
in the Decisions to deny plaintiff necessary and essential medical care, that is
part of the Standards of care for Gender non conforming persons, by ignoring the
State law of Washington RCW 72.70.010 Art IV (e), Equal Protection for "out of
State Boarders", Washington Administrative Code 182-503-0525, WAC 182-503-0520,
RCW 74.09 510(1); 42 U.S.C. § 1396a, § 1395, and other various laws set forth in
the complaint and attached memorandums and Briefs.

Each Defendant acted with Discrimination pursuant to RCW 35.80 040,Equal Prot-
ection Clause of the Fourteenth amendment and State law RCW 72.70.010...
Among which Defendants have Established the presence of Deliberate Indifference to
plaintiff's serious medical needs by the omissions and actions of, and Denial of
access to adequate and necessary and essential Medical Care guaranteed by the 8th
amendment. Moreover, Defendants discriminate againt plaintiff on the basis of her
status as transgender female and denied access to Federally funded programs, pur-
suant to 42 U.S.C. § 2000, § 21232 and § 12101, § 2000 (d), § 2000(e)(2) and of
42 U.S.C. § 1315,the Affordable care act, § 18116; by denying access to medical
care based on the pertextual decision of costs, in lieu of Medical Evidence.

Plaintiff leaves it to the court to finding for Damages if so warranted in
this case by Defendants unlawful actions and omissions of medical care, and the
Court should consider Punitive damages awards under the same grounds.

Case No. 

II

INTRODUCTION

1.   Plaintiff Brett Brooke Sonia is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Ms. Sonia has been incarcerated since 2004. Ms. Sonia is a transsexual Woman - an individual whose gender identity (female) is different from the male identity assigned at birth. Ms. Sonia has been diagnosed by various Doctors and Specialists with Gender Dysphoria, a serious Medical condition characterized by strong cross gender identification, and strong and persistent discomfort about one's assigned sex. As a result of gender dysphoria, Ms. Sonia experiences severe gender dysphoria and distress resulting from the incongruence between her male physical features and her female identity. She requires medically necessary care to treat gender dysphoria.

2.   The most common forms of treatment for her gender dysphoria are the "Real life" experience of living full time within the desired gender, hormone therapy, and sex affirming surgeries that conform the primary and/or secondary sex characteristics with her gender identity.
Because gender dysphoria is not considered a mental disorder, counseling is aimed at providing coping mechanisms to deal with the discrimination and bias that transgender people typically experience from other people or institutions. This is inadequate.

3.   Prior to incarceration, Ms. Sonia was living full time as a woman. Ms. Sonia was ostracized and marginalized by her family, and peers for this aspect of her lifestyle, and choices.
Ms. Sonia was diagnosed in about 1991, and again in 2002, by a Los Angeles Physician, and again in 2015, by Dr. Evan Tyler of the university of Vermont. After being diagnosed with gender dysphoria, Ms. Sonia sought treatment to ameliorate her symptoms, including feminizing hormone therapy, the permanent hair removal of male sexual hair, and Surgery to conform her body to match her gender identity, and the ability to live as a woman while incarcerated. However, Defendants have refused to allow plaintiff to access such medically necessary treatment(s), and have instead have repeatedly punished, or threatened to punish Ms. Sonia for feminizing herself, expressing her identity. Including subjecting her to solitary confinement if so necessary.

4.   Defendants denial of necessary medical treatment as well as punishing Ms. Sonia for expressing her gender identity have caused grave and unnecessary harm to Ms. Sonia, including three attempts at suicide, and one self castration attempt since 2017.

5.   Defendant's actions violate the Eighth amendment to the U.S. Constitution's prohibition on cruel and unusual punishment by denying Ms. Sonia necessary medical treatment and failing to protect her from harm; The fourteenth amendment to the U.S. Constitution's guarantee of equal Protection by discriminating against her based on sex stereotyping, and/or gender identity as well as based on the diagnosis of gender dysphoria; the Americans with disabilities Act and Section 504 of the Rehabilitation act by discriminating against her in the provision of medical treatment and...

Case No ~~_____~~

## II

### INTRODUCTION

5.  PARTICIPATION IN PROGRAMS AND JOB TRAINING and services ; the non - discrimination provision of the Affordable Health Care Act by discriminating, based on sex, sex stereotyping, and/or her gender identity; and by state laws, regulations and Administrative Codes by negligently failing to provide Ms. Soria treatment.

6.  Ms. Soria seeks injunctive, declaratory relief, and Damages to remediate Defendant's violations of her rights

### Jurisdiction and Venue

## III

7.  Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, the Eighth Amendment and Fourteenth Amendment of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C §§12101 et seq.  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C  §794a, and section 1557 of the Affordable Health care act, 42 U.S.C. § 18116. This court has Jurisdiction over this  Action pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the plaintiff's  related state law claims of negligence and/or malpractice. because it arises out of the same actions and **e** omissions. Plaintiff seeks declaratory relief  and injunctive relief  for defendant's violations of plaintiff's civil rights.

8.  Venue is appropriate in the District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occured in this district.

9.  Plaintiff has exhausted all remedies Administrative and civil with respect to those claims contained herein. All relevant copies and grievances are attached here to this complaint, that are within her possession, as relates to these claims.

### PARTIES

## IV

10.  Ms. Pratt Brooke Soria is a fifty year old United States Citizen. She is a prisoner of the New Hampshire state prison system, housed in the Washington state prison syteem at Walla Walla.

11.  Both defendants New Hampshire and Washington, since they accepted care and custody of her are responsible for plaintiff's health and well being.
Defendants listed,herby State Authority;'

14

Case No

IV

Parties

12,     At all times relevant to these claims, each defenmdant was responsible for the plaintiff's Health & Well being. Including the treatment for plaintiff's Gender Dysphoria Diagnosis.

13,     Each Defendants Acted with total disregard for plaintiff's health and Posed a risk of serious future ham based on plaintiff's History of self-treatment and Suicide attempts.

14,     Plaintiff is an out off state boarder with the Washington State Dept., of Corrections. Plaintiff was and has come to the Defendants with a previously diagnosed condition of Gender Dysphoria, to which Defendants accepted care and Custrody of plaintiff. Knowing that she was transsexualk.

15,     Defendants have a responsibility to provide Equal Protection of the Laws and Regulations to plaintiff under the (14) fourteenth Amendment to the U.S. Const-itution and states Laws of Washington.

16,     Defendants have failed to provide necessary & essential Medical treatment Evaluation on the SAME grounds as other prisoners who are similarly situated .

17,     Defendants Aver they are NOT responsible for plaintiff's Medical care, while housed at Washington State facilities. despite RCW 72.70.010 artIV(e).

18,     Plaintiff argues that she is a Resident for the purposes of Medical care financial coverage. and the Eighth Amendment, And Equal Protection clauses.

19,     Defendants Aver their innocense according plaintiff's claims of necessary essential and Adequate Medical care guaranteed under the Eighth Amendment, and Equal protection clauses.

20,     At All times relevant to this complaint  ALL Defendants were acting in the course of their Employment, outside the scope of their Authority in  intention-al denial, deferal, and delays of necessary and essential Adequate Medical care.

Case No.

<u>Sonia V. Rainer.</u>

_____

Part 2

_____

Pg 26 - 40

16 pgs

Case No. 

FACTUAL ALLEGATIONS

V

27.    The goals of medical treatments for gender dysphoria, as stated in the standards of care, are (1) to alleviate clinically significant distress and impairment in functioning associated with gender dysphoria, and (2) to maximize overall psychological wellbeing.

28.    As recognized by both the standards of care and the DSM-V, people with gender dysphoria who do not receive appropriate medical treatment are at risk of depression, Anxiety, suicide, and Genital self-harm, including attempts to perform auto-castration or auto-penectomy that can lead to serious and life threatening injuries.

29.    The standards of care set forth treatment options for gender dysphoria including: changes in gender expression and role( which may involve living as the desired gender role consistent with ones gender **identity**); hormone therapy to feminize or masculinize the body; Surgery to change the primary or secondary sex characteristics, and/or facial features, body contouring; and psycho-therapy addressing the negative impact of gender dysphoria and stigma on mental health, enhancing social and peer support, and improving body image, or promoting resilience.

30.    After a diagnosis of gender dysphoria is made, the standards of care require that a COMPETENT medical professional with knowledge and expertise in gender dysphoria evaluate a person for appropriate and necessary treatment options.
This medically necessary treatment not only improves a patients quality of life, but also limits the development of mental health issues which often accompany the LACK of treatment.

31.    The standards of care also make clear that "Sex Affirming Surgery" is NOt and ELECTIVE Procedure, sex affirming surgery is an essential and medically necessary treatment to alleviate gender dysphoria in some cases. Hormone therapy alone is NOT Sufficient

32.    In promulgating the standards of care, the WPATH specifies that they apply to ALL Transsexual, transgender and gender non conforming people, irrespective of housing situation, including institutional environments such as prisons. The standards of care state that; "ALL elements of assessment and treatment as described in the Soc can be provided to people living in institutions ... If the in-house expertise of health professionals in the direct or indirect employ of the institution does not exist to assess and/or treat people with gender dysphoria, it is appropriate to obtain outside consultation from professionals who are knowledgeable about this specialized area of health care."

Case No. 

V

FACTUAL ALLEGATIONS

Defendant's Failure to Provide Necessary Treatment & discrimination against Plaintiff

33.    Plaintiff was born in Massachusetts in June 12th 1968, and grew up in Massachusetts with being Ostracised due to her feminine mannerisms and proclivity to be feminine, play with typical female toys, and engage in female dress. Plaintiff would play with the girls in the neighborhood, and was uncomfortable living as the birth assigned sex of male from a very early age.
She would engage in female play, dress-up, and make-up. She attempted to live as female at age fifteen, but was physically abused by family ever since her first ideation of being female at around the age of three and a half to four years old.

34.    Plaintiff would engage in female dress in grade school and was targeted by peers for her gender varience and manners, which caused a lot of strife. She was often physically abused by peers. Plaintiff attempted to hide her gender identity due to the ongoing abuse by everyone growing up. At the age of fifteen, she was forced to live on her own due to abuse. Her first Diagnosis was in 1981 in New York city, at a Hospital where she was brought to determine her condition, due to the insistence she was female and desired to live as female. She was subsequently diagnosed with Gender Identity disorder and refused gender validating treatment(s). Plaintiff attempted to keep secret her condition for decades until 2002, when she was diagnosed by a Los Angeles Doctor, William Vicary, who stated she had Gender identity disorder and that she may begin on hormone therapy if she'd like to change.
She had opted to undergo Estrogen therapy until her incarceration in 2004, when the California Dep't of corr., policy was very strict and she was refused. Then again in 2015, she was again Diagnosed with Gender Dysphoria, which was treated by the New Hampshire state prison Authorities

35.    Plaintiff was diagnosed by Dr  Vicary in Los Angeles California in 2002, and began her hormone therapy in the fall of 2002. Prior to that, she would use blackmarket hormones bought on the streets, and over the internet. The therapy was not sanctioned, but the begining of treatment was affirming for plaintiff. Since she was young, she sought a gender change to live as female, to be female, and had lived as female in civilisation for years with men and women roommates, who encouraged her to be herself.

36.    On information and belief, Defendants failure to provide plaintiff with individualized care as required by policy, and standards of care, reflects defendant's Custom, practice, and/or the De Facto policy of failure to denial to provide necessary medical treatment for persons with Gender Dysphoria. And their failure to follow the Standards of care governing Gender Dysphoria.

Case No. ▉▉▉▉▉▉▉

FACTUAL ALLEGATIONS
V

Defendants' Failure to Provide Necessary Treatment & Discrimination against Plaintiff

37.    After Dep't of corrections; own medical providers diagnosed plaintiff with gender dysphoria, plaintiff submitted several medical requests  (numerous requests) related to medical needs resulting from gender dysphoria. These included requests for "Permanent hair removal, access to feminine make up, Sexual reassignment surgery, feminine cosmetics, undergarments, Etc  ."
All of plaintiffs' requests were and have been ignored, largely due to the Defendant's discriminatory holdings that men should act like men and you live in a male prison, etc..

38.    In about June or July 2016, the plaintiff began requesting access to a gender specialist, and/or Doctor for her gender dysphoria needs, which have gone unanswered by W.D.O.C. Defendants and N.H.D O C defendants both. As plaintiff has sent a copy of nearly all requests to her home state for approval.

38.    On about 8 Dec, 2016, Plaintiff Wrote first grievance #16613838 requesting access to Gender Re-asignment surgery and Doctor for treatment. the response said to "Watch the Callout" indicating that Plaintiff would be seeing a Doctor as necessary for the treatment of her gender dysphoria; this NEVER occured.

39,   On about the 25 April, 2016, plaintiff requested a prescription for "Progestin" which is a hormone known to increase feminine traits in transsexuals, Response, none was given.

40,   On about 21 June, 2016 plaintiff requested access to a mental health therapist for treatment. Again, No response was given.

41,   On about August 4, 2016, plaintiff requested access to a "Specialist" for her treatment needs. Again, No response was given.

42,   On about July 18, 2016, plaintiff again requested "Gender Reassignment Surgery (SRS). again the response was to watch the callout. But no Appointment was furnished.

42,   On about November 15, 2016, plaintiff wrote medical request to confer with "Mental Health" The response stated to "Kite mental health."

43, Grievance #16613838, plaintiff wrote and sent copies to The state of New Hampshire on about 14 July, 2016 concerning facial hair and bodily hair issues.
No response.

44, On about 4 August, 2016, plaintiff wrote first level grievance for access to "Adequate medical care for her gender dysphoria." Denied on 9/1/16.

45,  On about 9/22/16 after a second rewrite, the Level II appeal of Grievance 16613838 was sent to superintendant, who stated in his reply, "Denied per the offender health plan."

31

Case No. _____

FACTUAL ALLEGATIONS

Defendants' Failure to Provide Necessary Treatment & Discrimination against Plaintiff

55,   On about 29 June, 2016 plaintiff wrote medical request for necessary treatment to remove "Male sexuasl hair of the face and Body."
No response was forthcoming.

56,   On about 29 June, 2016, plaintiff wrote New Hampshire (Defendants) requesting access to medical care that Washington was intentionally denyingt her; to Paula Mattis, Chief of Medical and forensic services for N.H.S.P. and Liable for plaintiffs medical necessaities.

57,   On about 14 July, 2016, plaintiff wrote a Grievance on New Hampshire grievance form due to the No response for the previous request for treatment on 6/29/16.
Again. No response

58,   On about 23 august. 2016 to 4 October, 2016, plaintiff wrote grievance # 16614714, requesting clarification of rules for transgender persons. because it has been held that W.D.O.C. was applying the "Female Rules" to male to female transgedder inmates, while still denying them access to feminine items as treatment/relief for the symptons of gender dysphoria.
This DOUBLE STANDARD is wholly unlawful as pertains to the transsexual inmates, since the Defendants (senys to) apply feminine rules for the benefit of the staff, and discrimination of the inmates, it only stands to reason, that they CANNOT apply female rules to transpersons while at the same instant denying access to feminine make-up, toiletries, and other such treatment(s).

59,   In 2016, plaintiff requests access to a "Tria home use modality hair removal light pulse laser." this was approved by treating physician Dr. Barnett. However, when plaintiff moved accoring to policy to be able to purchase this "light pulse laser", it was denied by Security dep't as a "Safety & Security issue." They refused to iterate into the decision any further and reneated requests went unanswered
It has always been the province that "SELF PAID" medical care and Medical care that a Doctor has Pre-scribed, is unconstitutional for a non medical entity to arbitrarily deny.  req, 5/19/17

60,   On about 19 April  2017, plaintiff requested an increase in Estrogen & or Booster shots to increase feminine results. [Progestin]
Again. No response

61,   On about 5 September, 2017, plaintiff requested to be reviewed by the Gender dysphoria treatment committee for access to Adequate medical care.
Response was, "We do not have a GD GRC."
Staff has No idea how to treat a transsexual with gender dysphoria. this is apparant.

Case No. 

FACTUAL ALLEGATIONS

Defendants' Failure to Provide Necessary Treatment & discrimination against Plaintiff

**62,** On about 4/27/18, plaintiff requested to be assessed by the "Gender Dysphoria Specialist"
Response, "Please kite for self paid program for medical care."

63, On about 4/4/18, plaintiff requested Evaluation for SRS.
Response,"D.O.C. is developing its polices."

64, On about 5/10/18, plaintiff requests evaluation for Oorichectomy.
Response, "Appointment Scheduled."   Never happened/Occured.

65, On about 5/17/18, plaintiff requests evaluation via Grievance # 18655105.
Response, "D.O.C. is developing its policies."
[Please Note, that the Policy was effective on 6/19/18 for evaluation for Sexual reassigment surgery.]

66, On about 6/20/18, plaintiffs Grievance Level II, for Evaluation;
Response, "You are currently receiving the appropriate level of care."
The appropriate level of care is for an Evaluation to ascertain, NOT lay persons without Medical training.

67, On about 8/11/18, plaintiff wqrote an Ombuds complaint concerning the denials of medical care for
Evaluation of SRS.
Response, None.

68, On about 7/13/18, plaintiff requests to be refered to the GD CRC for Evaluation of Needs, incl-
uding SRS.
Response, "You are receiving the treatment W.D.O.C currently provides."

69, On about 1/4/18, plaintiffs Diagnosis of Gender Dysphoria by W.D.O.C. Clinician.
Response, Diagnosis confirmed of Gender Dysphoria.

70, On about 6/26/18, plaintiff's grievance # 18655105, for "Adequate medical treatment" Level III,
[Defendants Bovencamp], states that the Offender Health plan Doe? NOT currently ### Authorize sex
Reassigment surgery for gender dysphoria, but please note, you ARE being treated under the Gender
Dysphoria treatment protocol."  [for whom, Aliens from another place?]
        [please note the Policy changed regarding SRS on 6/19/2018]
Defendants refused Plaintiff arbitrarily, instead of offering her the same consideration as all other
inmates, she was Discriminated against in the application of medical care contrary to the Affordable
Health Care Act.  As the W.D.O.C. receives monies from the Federal Government for the purpose of render-
ing health care to inmates/prisoners. see 42 U.S.C § 18116  inter alia

35

Case No ▓▓▓▓▓▓▓▓▓▓▓▓▓

FACTUAL ALLEGATIONS

Defendants' Failure to Provide Necessary Treatment & Discrimination against Plaintiff

71,    Defendants' refusal and failure to provide plaintiff with access to qualified medical
provider with expertise in gender dysphoria to assess her need for sex affirming surgery reflects
the Defendhats' policy, procedure, and/or custom or practice of failing to provide adequate and
necessary medical care  to persons with gender dysphoria.

72,    Throughout plaintiffs' incarceration, Defendants have repeatedly disciplined plaintiff for
expressing her gender identity in a manner that does or did not pose any ligitimate security threat
to the safety and security of the prison; and were related to her gender dysphoria.
For example, Plaintriff being threatened that if she continues to wear make-up, she will be infracted
and sent to segregation to force her to cease if necessary.
The wearing of female make-up is treatment as stated for transsexualism, known to ameliorate many of
the symptoms of severe gender dysphoria. Plaintiff has made several requests and grievances to have
Feminine make-up allowed. see PL Griev,# 18653745, for the amelioration of her symptons

73,    Defendants have also failed to protect plaintiff from harm, including the risk of sexual Assault
In and around October, 2018, plaintiff was sexually assaulted by her cellmate. The series of events
were ongoing for several weeks, as plaintiff attempted to 'Move Cells'' and remain in General population.
Events occured in which plaintiff was threatened by inmates due to the threat that she would tell staff
that she was being sexually abused, and inmates wrote false requests to have her removed from the facil-
ity for her safety, and placed into a more restrictive housing placement (for her protection) in lieu
of placing her into a single cell status, and left where she would be safe and continue with jobs
training and education. To which she cannot now have due to the restrictive placement at the B.A.R.
units in Walla Walla state prison.

VI

CLAIMS FOR RELIEF

Failure to Provide Necessary Medical Treatment(8th Amendment; 42 USC §1983)

74,    Plaintiff repeats and re-alleges the allegations in all preceeding paragraphs as if set fully &
forth herein.

75,    Plaintiff has been diagnosed with the serious condition of Gender Dysphoria, which continues
to cause plaintiff serious mental distress and, without necessary treatment, has resulted in serious
harm to the plaintiff.

Case No. 

CLAIMS FOR RELIEF

Failure to Provide Necessary Medical Treatment (8th amendment; 42 USC § 1983)

76,   Defendants are responsible for providing adequate and necessary medical treatment to plaintiff, including treatment for persons with Gender Dysphoria.

77,   Defendants have failed to follow even Dept' of corrections' policies relating to plaintiff's treatment. For example, Defendants refuse Evaluation on the Discriminatory basis that plaintiff is receiving adequate medical treatment for gender dysphoria, and/or that she isn't able to receive such treatment due to a prohibition against such treatment, failure to evaluate plaintiff for the need of SRS by the gender care review committee to meaningfully evaluate her needs for treatment for gender dysphoria.

78,   Defendants have failed to provide medical treatment for plaintiff  that is necessary and adequate per the prevailing standards of care for gender dysphoria.

79,   Each defendant remains deliberately indifferent to plaintiff's Medical need to be adequately treated for gender dysphoria, including but not limited to evaluation for sex reassignment surgery by a qualified medical professional with expertise in the diagnosis and treatment of gender dysphoria and such provision of surgery, if determined appropriate, as well as other medical treatments and accomodations that would alleviate plaintiff's continued pain  and serious medical symptoms, resulting from her inadequately treatyed gender dysphoria.

80,   Defendants' continued denial of necessary medical treatment for plaintiff gender dysphoria, is causing irreparable harm and unnecessary suffering to plaintiff, including severe Anxiety [which the plaintiff has no to be on medication to alleviate some symptoms]and distress resulting in emotional, psychological, and physical harm.

81,   Defendant's failure to provide necessary medical treatment to plaintiff violates the Eighth Amendment to the U.S. Constitution.

82,   As a direct and leagl result of Defendant's actions and omissions, plaintiff has suffered  and continues to suffer damages including, without limitation, pain and suffering; Emotional distress, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

Case No. ▓▓▓▓▓▓▓

CLAIMS FOR RELIEF

Failure to Provide Necessary Medical Treatment. (8th Amendment; 42 USC § 1983)

82.   Individual Defendants, by engaging in willful, malicious, intentional, and/or oppressive conduct, and/or Acted with willful and concious disregard for the rights of plaintiff, her welfare, and safety, thereby justifying the award of punitive damages and exemplary damages in an amount to be determined at trial.

Violation of Equal Protection-Discrimination Based on Sex(14th amendment; 42 USC § 1983)

84.   Plaintiff repeats and realleges the allegations in all preceeding paragraphs as if fully set forth herein.

85.   Under Equal Protection Clause of the fourteenth Amendment, discrimination based on Sex is presumptively unconstitutional and subject to heightened scrutiny.

86.   Defendants have discriminated against plaintiff based on her sex by failing to provide adequate and necessary medical treatment for gender dysphoria and by disciplining her, or the threat of discipline based on plaintiff's gender identity and based on the defendant's sex based stereo-typing about the ways in which plaintiff should act and appear, and express herself based onher sex assigned at birth.

87.   In particular, Defendants have withheld adequate medical care from plaintiff because she is transgender, because she is attempting to transition genders, and/or because of their sex based belief that people who are assigned male at birth should not receive medically necessary care that feminizes the body.

88.   Defendants denied various requests and/or permitted the denial of requests by plaintiff for items that would treat her gender identity issues, including, but not limited to, Female make-up, proper under garments, hygiene products appropriate to females, vitamins Etc., and for denial of allowing female hair styles and haircuts deemed to be "Feminine" that are allowed for similarly situated female inmates. Based on gender stereo-typing and Sex based discrimination See plaintiffs griev# 1865745, and related materials.

89.   Defendants' discriminated against plaintiff because of her sex, sex stereo typing, and/or gender identity pursuant to official policies, procededures and customs and/or practices.

90.   Defendants' discrimination and discriminatory treatment of plaintiff because of sex stereotyping is also not reasonably related to legitimate penological interests. As a direct result of Defendants' actions and/or omissions, plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering, emotional, psychological, and physical distress; violation of her dignity; and other pecuniary losses not yet ascertained.

36

Case No. 

## Violation of Equal Protection-Discrimination Based on SEX(14th amendment; 42 USC § 1983)

90,   Defendants' discriminatory treatment of plaintiff because of sex, sex stereo-typing, and/or gender identity deprives plaintiff of her right to equal protection of the laws guaranteed by the 14th amendment to the U.S. Constitution , moreover, defendants' discrimination of plaintiff is NOT substantially related to any legitimate governmental interest, nor is it even rationally related to any Government interest. Defendants' discrimination against plaintiff because of sex, sex stereo-typing, and/or gender idenmtity is also not reasonably related to legitimate penological interests.

91,   As a direct result of defendants' actions and/or omissions, plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; Emotional distress, psychological, and physical distress; violation of dignity; and other pecuniary losses not yet ascertained.

92,   Individual Defendants, bye engaging in the aforementioned acts  and/or omissions and/or in ratifying such acts or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct and/or acted with willful and conscious disregard of the rights, welfare, and safety of the plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## Violation of Equal Protection-Discrimination Based on Diagnosis of Gender Dysphoria

### (14th Amendment; 42 U.S.C. § 1983)

93,   Plaintiff repeats and re-alleges the allegations in all preceeding paragraphs fully set forth h herein.

94,   Dep't of corrections Policies require that prisoners with serious medical conditions be provided with appropriate and necessary medical care. see Pl Ex part 8    Pgs 188-196 Pl Compl Provides that medical care shall be afford to serious medical needs to save life or limb, or to prevent retractable pain.   Access to medical care is an Eighth amendment guarantee for prisoners.

95,   Defendants diagnose and treat similarly situated inmates with mental health diagnosis and medical conditions other than gender dysphoria according to Dep't of correction s policy, regardless of whether such diagnosis and/or treatments are not common practice, or are unpopular treatments Defendants have failed, and continue to fail, to provide plaintiff with Constitutionally adequate medical treatment for her gender dysphoria, including contrary to Dep't of corrections' policies.

96,   By official policy, proceedure, or practice, and/or custom, defendants discriminates against transgender inmates diagnosed with gender dysphoria, including plaintiff  by providing them with INFERIOR medical and mental health care as compared to similarly situated inmates with medical and mental conditions and/or diagnosis other than gender dysphoria. Defendants' discrimination against plaintiff based on her diagnosis of gender dysphoria, is not substantially related to any legitimate penological interest

37

Case No 

Violation of Equal Protection-Discrimination Based on Diagnosis of Gender Dysphoria

(14th amendment; 42 U.S.C. § 1983)

97,    Defendant's discriminatory treatment of plaintiff because of her diagnosis of Gender Dysphoria deprives plaintiff of her right to equal protection of the laws guaranteed by the fourteenth amendment to the United States constitution.

98,    Defendants' discrimination against plaintiff based on her diagnosis of gender dysphoria is not substantially related to any legitimate governmental interest, nor is it even rationally related to any legitimate governmental interest. Defendant's discrimination against plaintiff based on her diagnosis of gender dysphoria is also not reasonably related to any legitimate penological interests.

99,    As a direct result of defendant's actions and omissions, plaintiff has suffered damages including, without limitation, pain and suffering.; emotional distress, psychological, physical. and losses of and violation of dignity; and other pecuniary losses not yet ascertained.

100    Individual defendants, by engaging in the aforementioned acts or omissions and/or in ratifying such acts and/or omissions, engaged in willful, malicious, intentional, and/or oppressive conduct, and/or acted with willful and conscious disregard of the rights. welfare, and safety of plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

Discrimination on Basis of disability(Americans with disabilities Act 42 USC § 12101 et seq.,

and Section 504 of the Rehabilitation Act, 29 USC § 794a)

100,    Plaintiff realleges the allegations in all paragraphs as if fully set forth herein.

102,    Based on her diagnosis of Gender Dysphoria, plaintiff sufferes from a "Disability" within the scope of 42 USC § 1202, which has been recognized and documented by Defendants. Washington state Administrative Code 182-500-0070; WAC 182-531-1675;(WAC) and RCW 74.09.510; 42 U.S.C. § 1396a validate the diagnosis as a Disability and covered for medical insurance. Medical necessity, 42 USC § 18116; 42 USC §10801-51; 42 USC §§ 15041-45; and 18 USC § 3626 "Prospective relief" cover the diagnosis as a verifyable disability.

Accordingly, plaintiff is a member of the class of persons protected by the A.D.A. and section 504 of the Rehabilitation Act, which make it unlawful for a public entity receiving Federal funds to discriminate against an individual with a disability, or to deny the benefits of the services, programs, or activities of a public entity receiving federal funds to a person with a disability.

Case No. 

Discrimination on Basis of disability (Americans with disability Act, 42v USC §12101 et seq ,

And Section 504 of the Rehabilitation Act of 1973, 29 USC § 794a)

**103,**    Defendants discriminated against plaintiff because of her disability and denied her the benefits of public services, programs and activities as a result of her disability by, inter alia, failing to provide adequate and necessary medical treatment; failing to provide  proper and reasonable training to custody and Health management staff in responding to persons with gender dysphoria; and by failing to make safe effective housing in general population available for transgender persons, and by failing to provide adequate educational services for transgender and protective custody inmates, imposing punishments for the self expression of plaintiff's gender identity and/or the threat of punishment for engaging thusly, because of acting thusly, depriving the plaintiff of access to these programs and services or because of such behavior in a manner detrimental to plaintiff's health.

104,    Defendants acts and omissions violated the A.D.A. and Setion 504 of the Rehabilitation Act, which prohibit discrimination on the basis of physical and mental disablity, and protects persons such as plaintiff from the type of injuries and damages set forth herein.

105,    Defendants are not entitled to immunity from suit under the Eleventh amendment for this cause of action.  Defendants are not immune from liability pursuant to Will V. Mich. Dep't of State,Pol., 491 U.S. 71n. 10,__S.ct__,L.Ed.2d___(1989); also Kentucky V. Graham,473 U.S. 159,167n. 14 S.ct__, __L.Ed.2d__ (1985); also Ex Parte Young,209 U.S. 123,159,160,__S Ct__,__L Ed.2d(1908). 11th amendment immunity doe not protect those who knowingly violate the law.

106,    As a direct result of the defendants' actions and omissions, plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; Emotional,psychological, and physical distress; and other pecuniary losses not yet ascertained.

Violation of the Affordable Health Care Act (42 U.S.C. § 18116)

107,    Plaintiff repeats and re alleges the allegations in all preceding paragraphs as if fully set forth herein.

108,    Defendants failed to protect plaintiff from harm by deliberately withholding necessary medical treatment , resulting in pain and suffering to plaintiff

Case No. ▨▨▨▨▨▨▨

VI

Violation of the Affordable Health Care Act ( 42 U.S.C. § 18116)

**109,**    Defendants failed to protect plaintiff from harm by unreasonably housing plaintiff in an housing unit known to house sexually violent predators, and/or in a male facility, known to present safety risks to plaintiff, defendants were on notice that plaintiff was transsexual and feminine and a target for sexually violent predators.  And known that plaintiff should be housed in female facility for safety and treatment...  Defendants were aware that plaintiff was consistently sexuall abused harrassed and physically assaulted as transgender inmate.

110,    Defendants failed to follow the requirements of the prison rape elimination act with respect to the plaintiff.  Defendants could have taken action to reduce the risk of harm to plaintiff, but refused or failed to do so.

111,    Each Defendant is responsible for plaintiffs personal safety and failed to protect plaintiff in violation of her rights under the Eighth amendment to the U.S. constitution.
As a direct and legal result of Defendant's actions and omissions, plaintiff has suffered and continues to suffer damages including, without limitation, pain and suffering; Emotional, psychological, and physical distress; and other pecuniary losses not yet ascertained.

112,    Individual Defendants, by engaging in the aforementioned actions and omissions and/or in ratifying such acts or omissions, engaged in willful and concious disregard of the rights, welfare, and safety of the plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

Negligence under state Law

**113,**    Plaintiff repeats and re-alleges the allegations  in all preceeding paragraphs as if fully set forth herein.

114,    Defendants failed to comply with the professional standards in the treatment, care, and the supervision of plaintiff during her incarceration in state prison facilities. Defendant's failures include butt are not limited to: Failing to provide timely medical treatment necessary to ameliorate plaintiff's condition; threatening and/or disciplining plaintiff for behaviors and actions reflecting her diagnosis of gender dysphoria, and seeking medical treatment; and failure to house safely the plaintiff in a proper setting indicative of her Gender expression.

Case No.

## Negligence under state Law

**115,**    Defendants have also failed to Provide Appropriate Application of Law 72 70.010 artIV(e) when deciding to afford medical care to plaintiff; Failure to review her medical records, and ensure the provision of medical care, and adequate treatment to plaintiff by Medical staff, and failed to enact the appropriate Standards and proceedures of care for Gender Dysphoria as stated in the SOCs that would have prevented the harm that plaintiff has experienced.

116,    together Defendants acted negligently and improperly, breached their dutys and as a direct and proximate result, plaintiff suffered injuries and damages alleged herein.

117,    The negligent conduct of defendants was committed within the course of their employment.

118,    The aforementioned acts of individual Defendants were conducted with Concious disregard for the safety of the plaintiff and others, and was therefore, malicious, wanton, and oppressive. As a result, Defendants' Actions justify an award for the relief of the plaintiff, seeking of evaluation of Sexual reassignment Surgery, and other necessary Treatment(s) to effectively ameliorate her suffering.

119,    The Defendant s actions and omissions warrant the Injunctive relief and Request, and to make oversight as is applicible under the law to prevent such future conduct as stated herein, in the future.

VII

## Prayer for Relief

**120,**    Wherefore, plaintiff requests entry of judgment in her favor and agains the Defendants as follows;

a.    for injunctive and Declaritory relief, including but not limited to enjoining the Defendants to provide necessary, essential and Adequate Medical care and Evaluation by a mutually agreed upon professional; Permanent access to All Female property and to house plaintiff in a Female prison if the Court so finds it necessary prior to SRS being completed.

Case No.

VII

## Prayer for Relief

b,      for Compensatory Relief. for General and special Costs. Damages, in an Amount to be determined at **Trial;**

c,      For punitive Damages against individual Defendants  in an amount to be Determined at **Trial;**

d,      For Reasonable Costs of Litigation associated with this suit, and fees Expenses and Typical Attorneys Fees awards for Pursuit of this cause, as is applicible under 42 U.S.C. § 1988.

e,      For such other and further Relief that the Court may deem Lawful. just and Appropriate.

Plaintiff's Demand For Jury Trial pursuant to F.R.C.P. 38(b)

## Conclusion

I swear under the Penalty of Purjury, the facts contained herein are True & correct, This ___9Th___ Day of ___OCToBer___ 2019.

Respectfully submitted,

Ms. Brett Brooke Sonia #390444
Pro Se
Washington State Penitentiary
1313 N  13th Ave.,  R-B-108
Walla Walla, Washington 99362

42