UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT BROOKE SONIA,

                Plaintiff,

     v.

KARIE RAINER, ct al. ct al.,

                Defendants.

CASE NO. 3:19-CV-5979-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: April 3, 2020

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Currently pending before the Court is Plaintiff Brooke Lyn Sonia's "Motion for Injunction a Temporary Restraining Order/Motion Requesting Protection from Transfer Until Conclusion of this Action" ("Motion"). Dkt. 26. The Court recommends Plaintiff's Motion be denied without prejudice.

**BACKGROUND**

Plaintiff, an inmate housed at Airway Heights Corrections Center ("AHCC"),[1] filed a Complaint alleging Defendants violated her constitutional rights when Plaintiff was denied medical treatment for gender dysphoria. Dkt. 12. In her Motion, Plaintiff states Defendants are retaliating against her, and Defendants are planning for Plaintiff to be transferred to her home state of New Hampshire prior to the conclusion of this case. Dkt. 26 at 1. Plaintiff requests the Court enter an order protecting her from being transferred to another facility or state. Dkt. 26 at 4.

On March 5, 2020, the Court granted Plaintiff's request to file an amended complaint and directed Plaintiff to file her amended complaint on or before April 4, 2020. Dkt. 30. The amended complaint will act as a complete substitute for the Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, as the asserted basis for the preliminary injunction is no longer before the Court, the pending Motion (Dkt. 26) is denied without prejudice.

If Plaintiff wishes to seek preliminary injunctive relief based on the amended complaint, she may file a renewed motion after the amended complaint has been filed. The Court provides the following standards of law in the event Plaintiff intends to file a renewed motion at a later point in this litigation.

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction

---

[1] On February 27, 2020, mail addressed to Plaintiff was returned as undeliverable because Plaintiff had been transferred from Washington State Penitentiary to AHCC. Dkt. entry dated February 27, 2020. Attached to her Motion, Plaintiff also filed a "Notice of Transfer." Dkt. 26 at 7.

1  must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable

2  harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)

3  "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,

4  (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a

5  preliminary injunction is proper if there are serious questions going to the merits; there is a

6  likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of

7  the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072

8  (9th Cir. 2012).

9      In a preliminary injunction, it is appropriate to grant "intermediate relief of the same

10  character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212,

11  220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should

12  not issue an injunction when the relief sought is not of the same character and the injunction

13  deals with a matter lying wholly outside the issues in the underlying action. *Id*. The allegations

14  and injunctive relief requested in the motion for preliminary injunctive relief must be related to

15  the claims alleged in the complaint. If not, the Court does not have authority to issue the

16  injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d

17  631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the

18  complaint, the court does not have the authority to issue an injunction.").

19                              **CONCLUSION**

20      The Court recommends Plaintiff's Motion (Dkt. 26) be denied without prejudice.

21      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

22  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

23  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

24

1    objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

2    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 3,

3    2020 as noted in the caption.

4        Dated this 10th day of March, 2020.

5

6                                    David W. Christel
                                     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24