UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT BROOKE SONIA,

                Plaintiff,

   v.

KARIE RAINER, et al.,

                Defendants.

CASE NO. 3:19-CV-5979-BHS-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 31, and Plaintiff's "answer to defendants response for T.R.O.," Dkt. 32, which the Court construes as objections to the R&R.

Plaintiff's first amended complaint, filed on December 7, 2012, alleges Defendants violated her constitutional rights by failing to treat her gender dysphoria. Dkt. 12. On March 2, 2020, Plaintiff brought a motion seeking a temporary restraining order ("TRO") to prevent her transfer to another facility or state. Dkt. 26. Defendants opposed the motion on March 4, 2020. Dkt. 27. On March 5, 2020, Magistrate Judge Christel granted Plaintiff's motion to file a second amended complaint. Dkt. 30. On

March 10, 2020, the Magistrate Judge issued the R&R denying Plaintiff's request for a TRO without prejudice, in light of her impending filing of a second amended complaint. On the same day, Plaintiff filed a reply, Dkt. 32. Reply briefs are not permitted in TRO motions, LCR 65(b)(5); the Court instead construes the reply as objections to the R&R.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The R&R notes that Plaintiff was granted permission to file a second amended complaint. Dkt. 31 at 2. Because an amended complaint acts as a complete substitute for the original complaint, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), the R&R concluded that the basis for Plaintiff's request for temporary relief was no longer before the Court. *Id.* The R&R therefore recommended that Plaintiff's motion be denied without prejudice to refiling it after the second amended complaint was filed.

Plaintiff's reply argues the merits of her motion, but does not address the procedural grounds upon which the R&R is based. Dkt. 32. A request for injunctive or temporary relief must be based upon the claims in the complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Plaintiff's motion was based upon a prior, fully superseded, version of her complaint. The R&R therefore correctly

1  recommended that the motion be denied, without prejudice to refiling a motion properly
2  based upon the revised claims in Plaintiff's newly filed second amended complaint.
3      The Court having considered the R&R, Plaintiff's objections, and the remaining
4  record, does hereby find and order as follows:
5      (1)    The R&R is **ADOPTED**;
6      (2)    Plaintiff's motion for a temporary restraining order, Dkt. 26, is **DENIED**
7      without prejudice.
8      Dated this 23rd day of April, 2020.

                            BENJAMIN H. SETTLE
                            United States District Judge